UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:19-cv-168-KDB
(5:16-cr-48-KDB-DSC-2)

| HANNA RAYMER, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| vs. | ) | ORDER |
|  | ) |  |
| UNITED STATES OF AMERICA, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

**THIS MATTER** is before the Court on review of Petitioner's *pro se* "Motion to Vacate, Set Aside & Correct Under 28 U.S.C. § 2255 and Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241," (Doc. No. 1).

Petitioner was indicted in the underlying criminal case for: Count (1), conspiracy to distribute and possess with intent to distribute 500 grams or more of a substance containing methamphetamine (21 U.S.C. §§ 841(a)(1), 846); Count (2), possession of a firearm in furtherance of a drug trafficking crime (Count (1)) (18 U.S.C. § 924(c)); and Count (9), distribution and possession with intent to distribute 50 grams or more of a substance containing methamphetamine and aiding and abetting the same (21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), 18 U.S.C. § 2). (5:16-cr-48, Doc. No. 23).

Petitioner pled guilty to Count (9) in exchange for the Government's dismissal of the remaining counts. (Id., Doc. No. 42). The Court accepted Petitioner's plea and, in a Judgment docketed on April 7, 2017, sentenced her below the advisory guidelines to 60 months' imprisonment followed by four years of supervised release. (Id., Doc. No. 95). Petitioner did not

1

appeal.

On March 19, 2018, Petitioner filed a Motion for Extension of Time, (Doc. No. 141), in the criminal case in which Petitioner sought additional time to file a motion to vacate pursuant to 28 U.S.C. § 2255. The Motion was denied because it was filed prior to Petitioner's filing a § 2255 petition, contained no grounds for relief, and essentially sought an advisory opinion. (5:16-cv-48, Doc. No. 151). This denial was without prejudice to argue timeliness in the instant civil proceeding. (Id.).

Petitioner filed the instant *pro se* Petition on December 8, 2019 while incarcerated at FCI Hazelton in Bruceton Mills, West Virginia.[1] Petitioner explains that "[t]his is a dual 2255/2241 action to the extent 2255 is inadequate or ineffective to challenge the sentence and conviction 2241 is invoked…." (Doc. No. 1 at 4). She contends that, because she filed the instant Petition while the Motion for an Extension of Time was pending, the instant Petition is timely. (Doc. No. 1 at 5). She asserts that she previously sent in a § 2255 petition but that it was never docketed. (Id.). Petitioner argues: (1) the Court lacked subject-matter jurisdiction because the Indictment was brought in the name of the "United States of America" rather than the "United States;" (2) Petitioner did not have the opportunity to object to the Grand Jury venire and selection process; (3) the U.S. Attorney issued Grand Jury subpoenas and received evidence without authorization by the Grand Jury in violation of separation of powers and due process, and the Federal Rules of Criminal Procedure, resulting in a lack of jurisdiction; (4) the Indictment failed to allege that the pistol had a "smooth bore," which resulted in a lack of jurisdiction; (5) Petitioner was placed under FISA (Foreign Intelligence Surveillance Act) electronic surveillance without any valid order which violated due

---

[1] Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prison mailbox rule).

process and resulted in a lack of jurisdiction; (6) counsel was ineffective for failing to raise the issues in grounds (1)-(5) in the district court and on direct appeal; (7) the Petition is timely under § 2255; (8) counsel was ineffective for failing to seek a 36-month downward departure based on the collateral consequences Petitioner will suffer as a result of her conviction. Petitioner asks the Court to enter a sentence of time served and vacate her supervised release, discharge her from custody, hold a prompt hearing, appoint counsel, order the FISA disclosed, and order the Government to show cause why relief should not be granted. (Doc. No. 1 at 6-8).

On March 2, 2020, the Court ordered Petitioner to file a Response within 20 days explaining why the Petition is timely under § 2255 and why § 2255 is inadequate or ineffective to test the legality of the detention such that the Petition should be considered under § 2241.[2] (Doc. No. 2). Petitioner was cautioned that the failure to respond would likely result in the Petition's dismissal with prejudice as time-barred under § 2255. (Id.). The time limit has expired and Petitioner has failed to respond.

It is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255. See In re Jones, 226 F.3d 328 (4th Cir. 2000); In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (*en banc*). It is only when § 2255 is "inadequate or ineffective to test the legality of detention," that a federal prisoner may pursue habeas relief under § 2241 pursuant to the so-called savings clause. 28 U.S.C. § 2255(e). The petitioner bears the burden of presenting evidence that affirmatively shows that the § 2255 remedy is inadequate or ineffective. See Hood v. United States, 13 Fed. Appx. 72 (4th Cir. 2001); Young

---

[2] The Order was initially mailed to Petitioner at Hazelton FCI, and was returned as undeliverable, but on March 3, 2020, the Court mailed another copy of the Order to Petitioner at her current address of record at Lexington FMC. See (Doc. No. 3). Petitioner is cautioned that it is her responsibility to keep the Court apprised of her current address at all times.

v. United States, 2018 WL 3543082, at *2 (W.D.N.C. July 23, 2018). Importantly, "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because ... an individual is procedurally barred from filing a § 2255 motion." Vial, 115 F.3d at 1194 n. 5.

Petitioner has failed to support her conclusory and insufficient assertion that § 2255 is inadequate or ineffective and that the Petition should be considered under § 2241 pursuant to the savings clause. Petitioner was given the opportunity to explain why § 2255 is inadequate or ineffective but she failed to do so. She appears to suggest that the Petition would be time-barred under § 2255 but this is insufficient to satisfy the savings clause. See Vial, 115 F.3d at 1194 n. 5. It further appears that the Court lacks jurisdiction under § 2241 because Petitioner was not incarcerated in this District when the Petition was filed. See generally 28 U.S.C. § 2241(a); Rumsfeld v. Padilla, 542 U.S. 426, 343-35 (2004) (district courts are limited to granting relief within their respective jurisdictions); United States v. Poole, 531 F.3d 263, 264 (4th Cir. 2008) ("a [Section] 2241 habeas petition can only be filed in the district in which a prisoner is confined."); see also Kanai v. McHugh, 638 F.3d 251 (4th Cir. 2011) (a district court's jurisdiction over a § 2241 habeas petition is subject to waiver). Petitioner has failed to demonstrate that the savings clause applies so the Petition will not be considered under § 2241.

The Petition, then, will be treated as a § 2255 Motion to Vacate. A one-year statute of limitation applies to motions to vacate which runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

A federal judgment becomes final "when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari," or, if a petitioner does not seek certiorari, "when the time for filing a certiorari petition expires." Gonzalez v. Thaler, 565 U.S. 134, 149 (2012) (quoting Clay v. United States, 537 U.S. 522, 532 (2003)). If a defendant does not file a direct appeal, the conviction becomes final when the time for filing a notice of appeal expires, that is, fourteen days from the date when the judgment was entered on the criminal docket. See Fed. R. App. P. 4(b)(1), (b)(6); United States v. Osborne, 452 Fed. Appx. 294, 295-96 (4th Cir. 2011).

An otherwise time-barred petitioner is entitled to equitable tolling in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party." Hill v. Braxton, 277 F.3d 701, 704 (4th Cir. 2002) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)); United States v. Prescott, 221 F.3d 686, 688 (4th Cir. 2000) ("§ 2255's limitation period is subject to equitable modifications such as tolling."). Equitable tolling of petitions for collateral review is available only when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S 631, 649 (2010); see Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) ("Generally, a litigant seeking equitable tolling bears the burden of establishing two elements.").

Petitioner's conviction and sentence became final when the time for filing a direct appeal expired on April 21, 2017. See Fed. R. App. P. 4(b)(1), (b)(6); Osborne, 452 Fed. Appx. at 295-96. The instant Petition was filed more than a year and seven months late on December 8, 2019.

The Petition is time-barred on its face and the allegations in the Petition are inadequate to establish that equitable tolling or any statutory exception applies. Petitioner was provided the opportunity to explain why the Petition should be considered timely and she failed to do so. The Petition will therefore be construed as a § 2255 Motion to Vacate and it will be dismissed with prejudice as time-barred.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's "Motion to Vacate, Set Aside & Correct Under 28 U.S.C. § 2255 and Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241," (Doc. No. 1), is construed as a § 2255 Motion to Vacate and is **DISMISSED** with prejudice as time-barred.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

3. The Clerk is instructed to close this case.

Signed: April 3, 2020

Kenneth D. Bell
United States District Judge